First National Bank of Green Bay vs. Goff.

THE FIRST NATIONAL BANK OF GREEN BAY VS. GOFF.

JOINT STOCK COMPANIES. *Chap.* 73, *R. S., and chap.* 362, *Laws of* 1864 — *Liability of shareholders — Pleading.*

1. Chap. 73, R. S., is *not* modified by chap. 362, Laws of 1864, so as to restrict its application to joint stock companies *of less than seven members;* but the act of 1864 relates to *unincorporated* associations, while said chap. 73 provides for *incorporated* companies of that character.

2. The complaint avers that defendant is a member and shareholder of a "joint stock company or association, consisting of seven or more shareholders or associates," known as the A. M. Company, and doing business at a place named. *Held*, that this is not an averment that said company is a corporation.

3 Each member of such an unincorporated association is liable for the debts of the company, as in case of any other partnership, with the limitations named in said chap. 362, Laws of 1864.

4. After judgment obtained against the company, and execution returned unsatisfied in whole or in part, an action for the amount of the judgment may be maintained against an individual shareholder.

APPEAL from the Circuit Court for *Outagamie* County.

Action to recover from the defendant the amount of a judgment against a joint stock association, of which he was a member. The only allegation of the complaint relative to the character of the company, and the defendant's membership, is, that the " defendant was, during the year 1870, a member of a joint stock company or association, consisting of seven or more shareholders or associates, doing business in Appleton, Wis., and known as the Appleton Manufacturing Company, and was a shareholder therein." It then alleges the issuing of a draft by the president and secretary of the company on its treasurer, to pay for a steam boiler, and its acceptance by him, in 1870; a suit and judgment against the company thereon, and the return of an execution unsatisfied; a subsequent demand of payment from the defendant of the amount of such judgment, and his neglect to pay it or any part of it; and demands judgment against the defendant for the amount thereof, with interest and costs. The defendant demurred to the complaint, for the reasons that it appears on the face thereof that there is a defect of parties defendant, and that it does not state facts sufficient to constitute a cause of action. From an order overruling the demurrer, the defendant appealed.

*Warner & Ryan*, for appellants, argued that the first point was well taken, if the stockholders of the company were partners; and equally so if the company is not a partnership but a corporation, unless there is some special provision of the statute authorizing a proceeding against stockholders severally. By ch. 73, R. S., all joint stock companies are declared corporaions, but that contains no provision making stockholders individually liable, except in the case of the withdrawal of their stock while the company was in debt, or for services performed for the company within six months preceding the demand.

First National Bank of Green Bay vs. Goff.

The provision of sec. 2, ch. 362, Laws of 1864, merely author-izes suits to be brought against shareholders or associates "*as now provided by law,*" that is, in cases where, by the provisions of any existing law, they were then liable for the debts of the company. The decisions in New York, under a law similar to that of 1864, are based upon other laws making stockholders individually liable for all the debts of the corporation. See A. & A. on Corp., 610, 611, and notes. Stockholders are liable only to the extent provided by statute. *Garrison v. Howe*, 17 N. Y., 458; *Abbott v. Aspinwall*, 26 Barb., 202. 2. The complaint is defective in not setting out a contract and a breach thereof.

*A. Ballard* and *G. H. Myers*, for respondent:

The act of 1864, ch. 362, materially changes the law pre-viously existing in respect to joint stock companies consisting of seven or more stockholders or associates, and authorizes suits against any or all of such associates, after judgment against the company and execution returned unsatisfied. That act deprives such companies of their capacity as corporations, and makes the associates liable, as partners, to all creditors. It is substantially like the New York law which was construed in *Witherhead v. Allen*, 28 Barb., 661; 3 Keyes, 562. Under that view of the statute the appellant is liable, and the com-plaint states a good cause of action. Parsons on Part., 541–547; *Moss v. Oakley*, 2 Hill, 265; *Corning v. McCullough*, 1 Coms., 47; *Moss v. Averell*, 6 Seld., 459; Collyer on Part., 651; 26 Barb., 15; 18 id., 554; 21 id., 650; 57 id., 484.

COLE, J. This case was argued on both sides on the as-sumption that the complaint showed that the "Appleton Man-ufacturing Company" was organized as a corporation under the laws of this state. But this is a mistake. The allegation is, that the defendant was a member of a "joint stock company or association, consisting of seven or more shareholders or as-sociates, doing business in Appleton, Wisconsin, and known as the Appleton Manufacturing Company, and was a shareholder

therein." This is merely averring that the defendant was a member of a joint stock company which is unincorporated, and which is really nothing more than a common partnership. Each member of such an association is liable, like every individual of a common partnership, for the debts of the company, with the limitations named in chap. 362, Laws of 1864. A judgment must be first obtained against the company, and an execution thereon be returned unsatisfied in whole or in part, before an action can be maintained against an individual shareholder. Sec. 2. The main object of the law of 1864 is to facilitate the bringing of suits by and against unincorporated joint stock companies, and it relieves the parties from the necessity of making all the shareholders parties plaintiff or defendant, as in case of ordinary partnership. When the association consists of seven or more associates or members, it may sue and be sued in the name of its president for the time being ; and this privilege or right is exceedingly convenient where the company consists of a large number of persons. And sec. 3 provides that the suit shall not abate by reason of the death, removal or resignation of the president of the joint stock company, or the death or legal incapacity of any shareholder, during its pendency. With few exceptions, however, these unincorporated joint stock companies are nothing more than partnerships on a large scale, and the members incur the liabilities of persons in a common partnership. But this is not so in respect to joint stock companies which are organized under chap. 73, R. S. They are invested with the powers and immunities of a corporate body, and, beyond their capital stock, the stockholders are not personally liable for the debts of the corporation, except for the wages of the workmen of such corporation earned within six months preceding the demand made for any such debt. Sec. 27.

It was claimed by the counsel for the respondent, that a joint stock company, consisting of more than seven associates, could not be organized and established under chap. 73. This posi-

tion is founded upon the assumption that the statute of 1864, modifies the provisions of chap. 73, and restricts the organization of any company under this chapter to associations composed of from three to six persons. But this position we deem clearly untenable. Any number of persons, not less than three, may organize under this chapter for the purpose of engaging in and carrying on any kind of manufacturing, mechanical, or any other lawful business; and, when organized as therein provided, they are invested with the full powers, privileges, and immunities of a corporation. But the law of 1864 applies only to unincorporated companies, where the stockholders are personally liable for the debts of the association, as in case of a common partnership. And as the complaint in this case does not show that the "Appleton Manufacturing Company" is anything more than an unincorporated association, without any corporate franchise or immunity, we think it states a cause of action.

The other ground of demurrer to the complaint is, that there is a defect of parties defendant. This objection would be well taken, were it not for the provision in the second section of the act of 1864, which authorizes a suit *against any or all of the shareholders individually*, after a judgment has been recovered against the company and an execution thereon has been returned unsatisfied. This obviates the objection.

We think the order overruling the demurrer must be affirmed.

*By the Court.*— Order affirmed.